**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

WARSAME M.M.,

Petitioner,

v.

TODD BLANCHE, *Attorney General of the United States*;

MARKWAYNE MULLIN, *Secretary, U.S. Department of Homeland Security*;

DAVID *VENTURELLA*, *Acting Director, U.S. Immigration and Customs Enforcement*;

DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*,

Respondents.

Civil No. 26-4265 (JRT/DJF)

**MEMORANDUM OPINION AND ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

---

David L. Wilson and Gabriela Sophia Anderson, **WILSON LAW GROUP**, 3019 Minnehaha Avenue, Minneapolis, MN 55406, for Petitioner.

David W. Fuller and Derek Ganzhorn, **UNITED STATES ATTORNEY'S OFFICE**, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415, for Respondents.

Petitioner Warsame M.M. is a citizen of Ethiopia who is currently in Immigration and Customs Enforcement ("ICE") custody in Minnesota. On October 2, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus alleging that his arrest and continued

detention violate the Fourth and Fifth Amendments of the U.S. Constitution, the Administrative Procedures Act ("APA"), and the *Accardi* doctrine.

The Court concludes that Petitioner was not arrested pursuant to a valid administrative warrant and Respondents have made no showing to support a lawful arrest. Consequently, the Court will grant the petition and order Petitioner's immediate release.

## BACKGROUND

### I. FACTS

Petitioner is a citizen of Ethiopia who entered the United States without inspection in January 2022. (Pet. Writ of Habeas Corpus ("Pet.") ¶¶ 26–27, Oct. 2, 2026, Docket No. 1; Decl. of Benjamin Northwood ("Northwood Decl.") ¶ 4 & Ex. A., Oct. 7, 2026, Docket No. 8.) Petitioner filed an application for asylum that same year. (Decl. of Gabriela Anderson ("Anderson Decl.") ¶ 8, Ex. G, Oct. 2, 2026, Docket No. 2.) He applied for and received employment authorization. (*Id.* ¶ 9, Ex. H, Docket No. 2.) Petitioner learned that U.S. Department of Homeland Security ("DHS") dismissed his asylum application in June 2025. (*Id.* ¶ 10, Ex. I, Docket No. 2.) Petitioner filed a complaint challenging the dismissal of his application, which remains pending in this District. *See Mohamed v. Mullin et al.,* Civ. No. 26-3296.

On October 2, 2026, Petitioner appeared at a scheduled check-in at the ICE Field Office in Fort Snelling, Minnesota. (Pet. ¶ 55.) That same day, the Office of Enforcement

and Removal Operations (ICE/ERO) issued an administrative warrant (Form I-200) and a Notice to Appear (Form I-862). (Northwood Decl. ¶ 5 & Exs. B–C.) The I-200 administrative warrant was signed at 8:20 a.m. on October 2, 2026; it is not clear when the Notice to Appear was signed. (*Id.*) When Petitioner appeared at his appointment with ICE, Deportation Officer Northwood declares that an ICE/ERO officer took custody and personally served Petitioner with the Notice to Appear and I-200 administrative warrant. (*Id.*) Petitioner is currently detained at the Sherburne County Jail. (*Id.* ¶ 6.)

## II. PROCEDURAL HISTORY

On October 2, 2026, Petitioner filed a Verified Petition for Writ of Habeas Corpus, contending that his arrest was unlawful under the Fourth Amendment and his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Administrative Procedure Act, and the *Accardi* doctrine. The Court directed Respondents to file a reasoned memorandum responding to Petitioner's claims. (Docket No. 5.) Respondents timely filed their response, and Petitioner replied. (Docket Nos. 7, 9.)

# DISCUSSION

## I. STANDARD OF REVIEW

"[A]bsent suspension" by Congress, the Constitution guarantees that the "writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. 1, § 9, cl. 2). District

courts can provide habeas relief courts can provide habeas relief to persons detained in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3).

## II. ANALYSIS

Respondents argue that Petitioner was arrested pursuant to 8 U.S.C. § 1225(b)(2) and is subject to mandatory detention. Petitioner acknowledges that the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) applies to noncitizens like himself, who have been in the United States without admission for years. However, Petitioner maintains that the warrant produced by Respondents was defective, meaning his continued detention violates his procedural due process rights under the Fifth Amendment of the United States Constitution.[1] After careful review, the Court finds it unnecessary to address the parties' due process claims because the Court concludes that Petitioner's detention is unlawful.

Respondents arrested Petitioner pursuant to an I-200 administrative warrant—in doing so, Respondents "invoked the discretionary detention provisions of 8 U.S.C. § 1226" by representing to Petitioner that his arrest was based on 8 U.S.C. § 1226(a). *Francisco M.A. v. Blanche*, Civ. No. 26-2032, 2026 WL 1229701, at *1 (D. Minn. May 5, 2026). The

---

[1] Respondents argue that the Court should deny the petition because it was verified by Petitioner's counsel. The Court rejects this argument. A petition for a writ of habeas corpus may be signed and verified by a person acting on the petitioner's behalf. 28 U.S.C. § 2242. The urgency, and communication and logistical difficulties of ICE detention further justify Petitioner's counsel acting on Petitioner's behalf and verifying the Petition. *Aldo P.Y.A. v. Blanche*, Civ. No. 26-3583, 2026 WL 2983433, at *1 n.1 (D. Minn. Oct. 5, 2026); *Franklin P.C.S. v. Blanche,* Civ. No. 26-3887, 2026 WL 2687548, at *2 n.3 (D. Minn. Sept. 14, 2026).

Court will hold Respondents to those representations. *Jose M. v. Blanche*, Civ. No. 26-3927, 2026 WL 2690238, at *2 (D. Minn. Sept. 14, 2026). Accordingly, the Court considers Petitioner subject to the discretionary detention framework set forth in 8 U.S.C. § 1226.

Section 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." Thus, to detain a noncitizen under § 1226(a), a warrant is required. *Martha C.G.P v. Blanche*, Civ. No. 2308, 2026 WL 1329577, at *3 (D. Minn. May 13, 2026). A Form I-200 administrative warrant authorizes detention of a non-citizen if it is issued "[a]t the time of issuance of the [Notice to Appear], or at any time thereafter and up to the time removal proceedings are completed." 8 C.F.R. § 236.1(b). A Form I-200 administrative warrant is invalid if it is issued **prior** to a Notice to Appear, the warrant must be at the same time, or after, a Notice to Appear. *Martha C.G.P.*, 2026 WL 1329577, at *3; *Francisco M.A.*, 2026 WL 1229701, at *2.

Based on the record before the Court, there is no evidence that the Notice to Appear came before the I-200 administrative warrant. Respondents make no argument that the Notice to Appear was issued prior to, or at the same time as, the Form I-200 administrative warrant. And evidence submitted by Respondents suggest that the Notice to Appear was issued after the I-200 administrative warrant. The I-200 administrative warrant was signed on October 2, 2026, at 8:20 a.m. (*Id.*, Ex. B; *see also id.*, Ex. A (Form I-213 Record of Deportable/Inadmissible Alien), noting that the Form I-200 was signed at

8:20 a.m.) The Notice to Appear is also dated October 2, 2026, but no time stamp indicates whether it was issued before, at the same time, or after the I-200 administrative warrant. (*See id.*, Ex. C.) Furthermore, the Notice to Appear lists Petitioner's address as the Sherburne County Jail, and Petitioner was only taken to the Sherburne County Jail after he was arrested and processed at Fort Snelling. (*See id.*; *see also id.*, Ex. A, indicating Petitioner moved to Fort Snelling at 8:55 a.m.) This suggests that the Notice to Appear was issued after the Form I-200 warrant. Form I-213 provides additional support. In the "Method of Apprehension/Location" section, Form I-213 notes that the administrative warrant was signed at 8:20 a.m. and served to Petitioner at 8:54 a.m., but does not include the same entries mentioning the time the Notice to Appear was signed nor served. (*Id.*, Ex. A.)

The submitted Declaration is not from the officers who signed either the Notice to Appear or Form I-200, nor from the ICE officer who took Petitioner into custody. (*See* Northwood Decl. ¶¶ 3–5, 9–11, Exs. B–C.) Respondents make no argument that the Notice to Appear was issued prior to the Form I-200 administrative warrant, despite Petitioner making the argument in his petition.

"Absent any basis to conclude that Respondents issued the [Notice to Appear] prior to [a Petitioner's] arrest, the Court declines to make that assumption." *Pedro D.C. v. Blanche*, Civ. No. 26-2450, 2026 WL 1759444, at *2 (D. Minn. June 18, 2026). Here, as in *Pedro D.C.*, there is no basis to conclude the Notice to Appear was issued prior to the I-

200 administrative warrant, and at least some evidence supports the conclusion that the Notice to Appear was issued after the warrant. Thus, the I-200 administrative warrant provided by Respondents is not valid. Respondents also make no argument that the arrest was a valid warrantless arrest. Therefore, the Court concludes that Petitioner was not arrested pursuant to a valid I-200 warrant under 8 U.S.C. § 1226(a).

The Court therefore turns to the proper remedy. Because ICE failed to comply with the requirements of U.S.C. § 1226 when arresting and detaining Petitioner, and Respondents have not justified Petitioner's continued detention, release is the proper remedy. *Francisco M.A*, 2026 WL 1229701 at *3; *Martha C.G.P.*, 2026 WL 1329577, at *3.

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Petitioner Warsame M.M.'s Petition for Writ of Habeas Corpus (Docket No. [1]) is **GRANTED** as follows:

1. Respondents shall **RELEASE** Petitioner from custody as soon as practicable, and **no later than 48 hours from the filing of this Order**.
2. Respondents must release Petitioner with all personal effects, such as driver's licenses, passports, or immigration documents, and **without conditions** such as location tracking devices.
3. The parties shall provide the Court with a status update concerning the status of Petitioner's release by **no later than 5:00 p.m. on October 14, 2026**. Further, the parties shall advise the Court whether any additional proceedings in this matter

are required and submit any proposals for the scope of further litigation by **no later than 5:00 pm on October 16, 2026**.

DATED: October 12, 2026
at Minneapolis, Minnesota.

s/John R. Tunheim
JOHN R. TUNHEIM
United States District Judge